IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 04-cv-01817-WDM-PAC

ANDREW B. SPAIN,

    Plaintiff,

v.

EAGLEBURGER LAW GROUP, et al.,

    Defendants.

## ORDER TRANSFERRING CASE

Miller, J.

    This matter is before me on various motions filed by the parties, including motions to dismiss filed by all defendants. I have considered the parties' written arguments and find that oral argument is not required. For the reasons that follow, I conclude that venue is improper in this judicial District. In the interest of justice, I will order that the case be transferred to the United States District Court for the District of Arizona.

### Background

    The Amended Complaint, filed September 16, 2004, by *pro se* plaintiff Andrew Spain, alleges that defendants violated the Racketeer Influenced and Corrupt Organizations Act (RICO) by making fraudulent statements in a bankruptcy case in the United States Bankruptcy Court for the District of Arizona regarding the ownership of land in Creede, Colorado, which Spain claims to own. Spain asserts that defendants

Gregory Eagleburger, Lester Penterman, James Marlar, and Norma Hurt stated under oath in the Arizona case that Hurt–and her Chapter 11 estate–owned the property.

Spain seeks an order requiring the dissolution of the Eagleburger Law Group, Lester Penterman, PC, and the bankruptcy estate of Norma J. Hurt; an order enjoining the ongoing bankruptcy proceedings in Arizona and prohibiting any transfer or encumbrance of the property; and actual and treble damages.

After Spain filed his original complaint, I issued an order to show cause directing Spain to demonstrate why venue was proper in this District. Spain responded by filing his Amended Complaint, accompanied by a "Memorandum of Points and Authorities in Opposition to Dismissal of the Case in Colorado for Lack of Venue."[1]

Spain asserts that venue exists for purposes of a RICO action where personal jurisdiction based on minimum contacts is established as to at least one defendant. He does not cite any authority for this point. Although the Tenth Circuit has not ruled on this issue, other circuits have treated venue and personal jurisdiction separately. *See, e.g., ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 627 (4th Cir. 1997) (circuit court held district court could constitutionally exercise personal jurisdiction over RICO defendants but left venue determination to district court; court distinguished between venue, governed by statutory provisions, and personal jurisdiction, dependant on whether service of process was authorized); *Lisak v. Mercantile Bancorp, Inc.*, 834 F.2d 668, 672 (7th Cir. 1987) (finding personal jurisdiction but observing that, upon remand,

---

[1] The Memorandum is essentially a verbatim restatement of a newly added portion of the Amended Complaint discussing personal jurisdiction and venue.

case likely to be dismissed for improper venue).

Two groups of defendants have filed motions to dismiss based, in part, on improper venue. The Eagleburger defendants (Gregory Eagleburger, The Eagleburger Law Group, and Gail Eagleburger) move for a change of venue to the District of Arizona. Their motion, supported by affidavits of Gregory and Gail Eagleburger, alleges that the defendants do not reside, have an agent, or transact affairs in Colorado; that they do not own property in Colorado; and that they have taken no actions in Colorado against Spain.[2]  Similarly, the Penterman defendants (Lester L. Penterman, P.C., Lester Penterman, and Margaret Penterman) point out that the Amended Complaint provides no factual allegations to support a finding that any defendants reside in Colorado, may be found here, have an agent here, or transact business here. They also assert that none of Spain's claims arose in Colorado.

Plaintiff files essentially the same response to both motions. He claims venue is appropriate in Colorado because he resides here and because the "Properties at issue" are located here. He attaches a memorandum of law to both responses that restates the venue portions of his Amended Complaint.

To determine whether venue is proper in this District, I must look to both the venue provision in RICO, 18 U.S.C. § 1965(a), and the general venue statute of 28 U.S.C. § 1391(b). *Miceli v. Stromer*, 675 F. Supp. 1559, 1564 (D. Colo. 1987) (RICO venue provision is not exclusive but rather is "intended to liberalize the existing venue

---

[2] The Eagleburger defendants also provide some evidence that Spain does not own the property he claims. I do not reach this issue, although I note Spain has not responded with any evidence to the contrary.

provisions of 28 U.S.C. § 1391(b)") (quotation omitted).  *See also Delta Educ., Inc. v. Langlois*, 719 F. Supp. 42, 49 (D. N.H. 1989) (where venue is improper under RICO's provision, "it is appropriate to inquire whether the action can be maintained under the general venue statute, 28 U.S.C. § 1391(b)") (quotation omitted); *Magic Toyota, Inc. v. Southeast Toyota Distribs., Inc.*, 784 F. Supp. 306, 319 (D. S. Car. 1992) ("venue provisions of RICO are supplemental to those found in § 1391").

18 U.S.C. § 1965(a) states: "Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs."  It is clear from the facts provided by the parties that venue does not lie in Colorado under this statute.  Spain does not contend that any defendant resides or may be found here.  In his Amended Complaint, he asserts that "Defendant Norma Hurt and many or all of the remaining individual Defendants, as head of their respective organizations or 'enterprises,' have agents in Colorado or transact their affairs here[.]" Amended Complaint, p. 9.  This statement is merely a repetition of the statute, however, and provides no facts from which I could find agency in Colorado.  *Cf. Magic Toyota, Inc.*, 784 F. Supp. at 319 (without facts suggesting agents were in forum state, court could not find agency as a source of venue under § 1965(a)).  Further, the term ""transacts his affairs" "has been interpreted to require that a defendant regularly transacts business of a substantial and continuous character within the district."  *Id.* (citation omitted).  Spain has failed to meet his burden of showing that defendants "regularly engaged in some significant and substantial activity" in the District of Colorado.  *Id.*

> 28 U.S.C. § 1391(b) provides:
>
> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Again, none of these provisions allow for venue in Colorado. Defendants do not reside in Colorado and are not found here. All events giving rise to the claim, as described in the Amended Complaint, occurred in Arizona.

Spain contends the property "at issue" is in Colorado, but he does not sue to recover the property or clear title to it, nor does he ask me to declare rightful ownership of the property. While his claims refer to property in Colorado, I cannot conclude the property is the "subject" of this action. *Cf. Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1478 (10th Cir. 1989) (venue for antitrust action alleging conspiracy to engage in anti-competitive actions in market for grave marker sales and installation was not dependent on location of grave sites sold); *GCG Austin, Ltd. v. City of Springboro*, 284 F. Supp. 2d 927, 930 (S.D. Ohio 2003) (although claims concerned property located in one county, the claims against the city arose out of the official actions performed by governing bodies in second county; second county was proper venue); *Standard Havens, Inc. v. Manbeck*, 762 F. Supp. 1359, 1351 (W.D. Mo. 1991) (in case brought by patent holder to enjoin Commissioner of Patents and Trademarks from continuing reexamination proceeding,

patent was not the subject of the action for purposes of venue; rather, "the Commissioner's failure to perform his legal duties is the subject of this action"). *See also Falcoal, Inc. v. Turkiye Komur Isletmeleri Kurumu*, 660 F. Supp. 1536, 15 (S.D. Tex. 1987) ("more reasonable construction of clause ['property that is the subject of the action'] would make it applicable to suits involving property disputes or in rem actions").

My conclusion that venue is not proper in Colorado is supported by Congress's preference, expressed in § 1965, "to avoid, where possible, haling defendants into far flung fora." *PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc.*, 138 F.3d 65, 72 (2d Cir. 1998).

28 U.S.C. 1406(a) directs that, where venue is improper in this District, I shall dismiss the case, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Although I am reluctant to transfer claims that appear to have little merit, I find the interests of justice require me to allow Spain to have the opportunity to present his case in the proper forum.

Because I will transfer this case based on improper venue, I do not reach the other grounds raised by defendants in their various motions to dismiss.  Accordingly, it is ordered:

1. The motion to dismiss or change venue, filed March 28, 2005 (Docket No. 7), is granted in part as discussed herein.

2. All remaining motions are denied as moot.

3. This case the shall be transferred to the United States District Court for the District of Arizona.

DATED at Denver, Colorado, on March 9, 2006.

                BY THE COURT:

                s/ Walker D. Miller
                United States District Judge